IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AYLIN LIZABETH POMPA, | § | |
| Plaintiff, | § | |
| V. | § | A-24-CV-903-DII |
| | § | |
| VINCI ENERGIES NAII AMERICA, | § | |
| INC. AND SKE INTERNATIONAL, | § | |
| INC., | § | |
| Defendants. | § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Before the court are Defendant VINCI Energies NAII America Inc.'s Motion to Dismiss Complaint for Lack of Jurisdiction Pursuant to Rule 12(b)(2) (Dkts 7, 8), Defendant SKE International, Inc.'s Motion to Dismiss Complaint for Lack of Jurisdiction Pursuant to Rule 12(b)(2) (Dkts. 10, 11), and Defendants' reply briefs in support of the motions (Dkts. 15, 16).[1] Plaintiff did not file a response to either motion. After reviewing the pleadings and the relevant case law, the undersigned submits the following Report and Recommendation to the District Judge.

I.  **JURISDICTION**

Before addressing the motions to dismiss, the court must first assure itself that it has subject matter jurisdiction. Federal courts "have an independent obligation to assess subject matter jurisdiction before exercising the judicial power of the United States." *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).

---

[1] The motions were referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Orders dated October 17, 2024.

Defendant VINCI Energies NAII America, Inc. ("VINCI") removed this suit based on diversity jurisdiction. Dkt. 1. The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). These necessary elements must exist "both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).

The court is satisfied that the amount in controversy requirement is met. *See* Dkt. 1-1 (Pl.'s Orig. Pet.) ¶ 19 ("seeking monetary in excess of $1,000,000.00"). However, the court is not satisfied that the parties are diverse.

A corporation is deemed to be a citizen of every state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant VINCI is a foreign corporation existing under the laws of the State of Delaware with its principal place of business in Alpharetta, Georgia. Dkt. 1 (NOR) ¶ 10. Defendant SKE International, Inc. ("SKE") is a foreign corporation existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. *Id*. ¶ 11. Accordingly, Defendants are citizens of Delaware and Georgia.

VINCI pleaded "Plaintiff is individual residing in Caldwell County, Texas. (Petition at ¶ 3)," NOR ¶ 9. In her state-court Original Petition, Plaintiff also pleaded she "is an individual residing in Caldwell County, Texas." Pl.'s Orig. Pet. ¶ 3. "For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW*, 83 F.4th at 407. "An allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id*. Accordingly, neither VINCI nor Plaintiff have adequately pleaded Plaintiff's citizenship.

Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *SXSW*, 83 F.4th at 407. Accordingly, the court **ORDERS** VINCI to file a Supplement to its Notice of Removal correcting its jurisdictional pleading during the objection period to this Report and Recommendation. If VINCI does not supplement its Notice of Removal, the undersigned will recommend this case be remanded for lack of subject matter jurisdiction.

Nonetheless, because the court is confident VINCI can correct this pleading deficiency, the court will proceed to analyze Defendants' motions to dismiss for lack of personal jurisdiction.

## II. BACKGROUND

This lawsuit is based on a motor vehicular crash occurring on or about August 19, 2023, at or near the intersection of Farm to Market 973 and Bastrop Highway in Del Valle, Texas. Pl.'s Orig. Pet. ¶ 8. Plaintiff alleges that at the time of the crash, the other driver—Joaquin Maria Cabre Garcia—was an employee of either VINCI or SKE and acting within the course and scope of his employment. *Id.* ¶ 11.

Both VINCI and SKE have moved to dismiss the suit, claiming they have no employees in the state of Texas, they do not operate or do business in Texas, and did not employ the Garcia. Dkts. 7, 8, 10, 11. Plaintiff did not respond to either motion.

## III. PERSONAL JURISDICTION

### A.   Applicable Law

When the court rules on personal jurisdiction without conducting an evidentiary hearing, the plaintiff bears the burden of establishing only a *prima facie* case of personal jurisdiction. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018); *Trois v.*

*Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 488 (5th Cir. 2018); *Cent. Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). "The district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a *prima facie* case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion . . . ." *Sangha*, 882 F.3d at 101. The court shall accept as true the non-conclusory uncontroverted allegations of the party seeking to assert jurisdiction and resolve all factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Cent. Freight Lines Inc.*, 322 F.3d at 380. "Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a *prima facie* case for [personal] jurisdiction has been presented." *Sangha*, 882 F.3d at 101. Texas's long-arm statute extends to the limits of federal due process, which permits the exercise of personal jurisdiction over a non-resident defendant where the defendant has (1) purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999).

The touchstone of the court's inquiry is "whether the defendant's conduct shows that it reasonably anticipates being haled into" a Texas court. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). Specific jurisdiction is a claim-specific inquiry, and it exists when the defendant's contacts give rise to or are directly related to the cause of action. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Trois*, 882 F.3d at 490 (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014)).

4

A defendant bears the burden to show that exercise of specific jurisdiction would *not* be fair and reasonable once minimum contacts have been shown, and such a finding is rare. *McFadin*, 587 F.3d at 759-60. The court examines five factors in this inquiry: (1) the burden on the non-resident defendant, (2) the forum state's interests, (3) the plaintiffs' interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies. *Id.*

B.   Analysis

Peter Derks submitted a declaration in support of VINCI's motion. Dkt. 8-1 (Derks Decl.). Derks is VINCI's President and Director. *Id.* ¶ 2. He states VINCI "is not registered to do business in State of Texas, does not have an office in Texas or otherwise do business in Texas." *Id.* ¶ 4. Further, VINCI does not pay taxes in Texas; has not transacted or solicited business in Texas; does not own property, real or personal in Texas; has no employees or representative in Texas; and does not own any bank accounts in Texas. *Id.* ¶¶ 5-10. Further, he states Garcia is not and has never been VINCI's employee; nor was he working or operating a vehicle on VINCI's behalf or at VINCI's request at the time of the crash. *Id.* ¶ 10. Nor did VINCI own or insure the vehicle Garcia was driving at the time of the crash. *Id.* ¶ 11. Finally, Derks states that "[w]hile Mr. Garcia purports to have a Texas liability insurance card that lists [VINCI] as the insured, such a card was inadvertently or improperly issued to Mr. Garcia. The information on the insurance card is incorrect and neither the insurer nor its agent was authorized to issue such a card." *Id.* ¶ 11.

Based on these unrefuted facts, VINCI has shown it does not have sufficient contacts with Texas that it should reasonably anticipate being haled into court here.

Jim Martin submitted a similar declaration in support of SKE's motion to dismiss. Dkt.

11-1 (Martin Decl.). Martin is the Administrative Manager for SKE. *Id*. ¶ 2. He states that SKE has not transacted or solicited business in Texas; is not registered to do business in Texas and does not have offices or otherwise do business in Texas; is not obligated to pay taxes in Texas; does not own property, real or personal, in Texas; and has no employees or representatives in Texas; does not own any bank accounts in Texas. *Id*. ¶¶ 4-9. Martin also states Garcia is not and was never SKE's employees; Garcia was not working or operating a vehicle on SKE's behalf at the time of the crash; and at no time was Garcia ever acting on SKE's behalf or at SKE's request. *Id*. at ¶ 11. Additionally, SKE did not own or insure the vehicle driven by Garcia. *Id*. at ¶ 12.

Based on these unrefuted facts, SKE has shown it does not have sufficient contacts with Texas that it should reasonably anticipate being haled into court here.

Accordingly, the undersigned will recommend that both motions to dismiss be granted.

### III.   ORDER AND RECOMMENDATION

The court **ORDERS** VINCI to file a Supplement to its Notice of Removal correcting its jurisdictional pleading during the objection period to this Report and Recommendation. If VINCI does not supplement its Notice of Removal, the undersigned **RECOMMENDS** this case be **REMANDED** for lack of subject matter jurisdiction.

However, if VINCI supplements its Notice of Removal to assure the court of its subject matter jurisdiction, the court **RECOMMENDS** that Defendant Vinci Energies Naii America Inc.'s Motion to Dismiss Complaint for Lack of Jurisdiction Pursuant to Rule 12(b)(2) (Dkts 7, 8) and Defendant SKE International, Inc.'s Motion to Dismiss Complaint for Lack of Jurisdiction Pursuant to Rule 12(b)(2) (Dkts. 10, 11) be **GRANTED and the case be dismissed without prejudice.**

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED November 7, 2024,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE