UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AYLIN LIZABETH POMPA, | § | No. 1:24–cv–903–DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| VINCI ENERGIES NAII AMERICA, | § | |
| INC. AND SKE INTERNATIONAL, | § | |
| INC., | § | |
| | § | |
| *Defendants*. | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation ("Recommendation") submitted by Magistrate Judge Mark Lane. (Dkt. # 19.) The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation and **GRANTS** Defendants VINCI Energies NAII America Inc. and SKE International, Inc.'s Motions to Dismiss**.**

BACKGROUND

The Court agrees with Judge Lane's recitation of the facts and incorporates them in full: This lawsuit is based on a motor vehicular crash occurring on or about August 19, 2023, at or near the intersection of Farm to Market 973 and Bastrop Highway in Del Valle, Texas. (Dkt. # 1-1 at 6.) Plaintiff

1

Aylin Lizabeth Pompa ("Plaintiff"), filed this suit against Defendants VINCI Energies NAII America Inc. and SKE International, Inc. ("Defendants"), asserting the collision was proximately caused by the negligence and or negligence per se of Defendants.  (Id.)  Plaintiff alleges that at the time of the crash, the other driver, Joaquin Maria Cabre Garcia ("Garcia"), was an employee of either Defendant and acting within the course and scope of his employment.  (Id.)

Defendant VINCI Energies NAII America Inc. ("VINCI") is a foreign corporation existing under the laws of the State of Delaware with its principal place of business in Alpharetta, Georgia. (Dkt. # 1 at 2.)  Defendant SKE International, Inc. ("SKE") is a foreign corporation existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware. (Id.)  Accordingly, Defendants are citizens of Delaware and Georgia.  On August 9, 2024, Defendants removed this case to federal court on diversity grounds pursuant to 28 U.S.C. § 1332.  (Dkt. # 1 at 2.)

On August 16, 2024, Defendants filed their respective motions to dismiss, arguing that the Court lacks personal jurisdiction over them.  (Dkts. ## 7, 10.)  Plaintiff did not file a response to the motions.  The motions were referred to Magistrate Judge Mark Lane on October 17, 2024.  Judge Lane issued his Report and Recommendation on November 7, 2024.  (Dkt. # 19.)  None of the parties filed objections.

In the Recommendation, Judge Lane ordered VINCI to file a Supplement to its Notice of Removal correcting its jurisdictional pleading during the objection period to the Recommendation. (Id. at 6.) On November 21, 2024, VINCI filed its Supplement to the Notice of Removal to correct the pleading deficiency regarding Plaintiff's citizenship. (Dkt. # 21.)

DISCUSSION

Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After careful consideration, the Court adopts the Magistrate Judge's Report. The Court finds that Magistrate Judge Lane's personal jurisdiction analysis is reasonable and absent of clear error.

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." Flagg v. Stryker Corp., 819 F.3d 132, 136 (5th Cir. 2016) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)).

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins., 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007); see also Hood ex rel. Mississippi v. JP Morgan Chase & Co., 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A district court must remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

A court must also determine whether it has personal jurisdiction over the defendant by "first determin[ing] whether the long arm statute of the forum state permits exercise of jurisdiction[,] . . . then determin[ing] whether such exercise comports with due process." Ham v. La Cienega Music Co., 4 F.3d 413, 415 (5th Cir. 1993). "The Texas long-arm statute extends to the limits of the Constitution," and a Texas court's "inquiry is therefore limited to the reach of the Fourteenth Amendment's Due Process Clause." Stroman Realty, Inc. v. Antt, 528 F.3d 382, 385 (5th Cir. 2008). "The Fourteenth Amendment allows a court to assert personal jurisdiction over defendants who have meaningful 'contacts, ties, or relations' with the forum state. Such contacts can give rise to general or specific

4

jurisdiction." Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).  However, the Fourteenth Amendment also "limit[s] the power of a State to assert in personam jurisdiction over a nonresident defendant."  Helicopteros Nactionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413–414 (1984) (citing Pennoyer v. Neff, 95 U.S. 714 (1878)).

Where a defendant has "'continuous and systematic general business contacts' with the forum state," the forum may exercise general personal jurisdiction over the defendant.  Stroman, 528 F.3d at 385 (quoting Helicopteros, 466 U.S. at 415 n. 9) (finding the Texas district court improperly exercised general jurisdiction over officials from California and Florida who did not have an office in Texas or sufficient contacts with Texas giving rise to general jurisdiction).  If a Defendant's contacts "are less pervasive, courts may exercise 'specific jurisdiction' in 'a suit arising out of or related to the defendant's contact with the forum.'"  Id. (quoting Helicopteros, 466 U.S. at 415 n. 9).

The plaintiff bears the burden of proof to demonstrate personal jurisdiction.  Nuovo Pignone, PsA v. Storman Asia M/V, 310 F.3d 374, 378 (5th Cir. 2002); Elly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 854 (5th Cir. 2000).  Courts in the Fifth Circuit evaluate whether exercise of both general and specific personal jurisdiction is consistent with the Due Process Clause by applying a three-part test, considering:

> (1) [W]hether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Nuovo Pignone, 310 F.3d at 378 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). If a defendant's contacts with the forum state are insufficient to satisfy the requirements of the Due Process Clause of the Fourteenth Amendment, the court must dismiss the case for lack of personal jurisdiction. Id.

In the Recommendation, Judge Lane concluded VINCI has shown it does not have sufficient contacts with Texas that it should reasonably anticipate being haled into court here. (Dkt. # 19 at 5.) Judge Lane relied upon Peter Derks' Declaration submitted in support of VINCI's motion. (Id.) Based on the unrefuted facts, VINCI (i) is not registered to do business in State of Texas, (ii) does not have an office in Texas or otherwise do business in Texas, (iii) does not pay taxes in Texas, (iv) has not transacted or solicited business in Texas, (v) does not own property, real or personal in Texas, (vi) has no employees or representative in Texas, and (vii) does not own any bank accounts in Texas. (Dkt. # 8-1.)

Judge Lane similarly concluded SKE has shown it does not have sufficient contacts with Texas that it should reasonably anticipate being haled into court here. (Id. at 6.) Judge Lane relied upon Jim Martin's Declaration submitted in support of SKE's motion. (Id. at 5.) Based on the unrefuted facts, SKE (i) has

6

not transacted or solicited business in Texas, (ii) is not registered to do business in Texas and does not have offices or otherwise do business in Texas, (iii) is not obligated to pay taxes in Texas, (iv) does not own property, real or personal, in Texas, (v) has no employees or representatives in Texas, and (vi) does not own any bank accounts in Texas.  (Dkt. # 11-1.)

Moreover, both declarations establish (i) Garcia is not and has never been an employee of either Defendant, (ii) nor was he working or operating a vehicle on Defendants' behalf or at their request at the time of the crash, (iii) nor did Defendants own or insure the vehicle Garcia was driving at the time of the crash.  Therefore, the Court agrees with Judge Lane's finding that the Court lacks personal jurisdiction over both Defendants.

Because Plaintiff failed to meet the burden to establish personal jurisdiction, the Court determines that Judge Lane's conclusions and recommendations are neither clearly erroneous nor contrary to law.  (Id.)  The Court, as Judge Lane properly found, lacks personal jurisdiction.  The Court therefore adopts Judge Lane's recommendation and **GRANTS** Defendants' Motions to Dismiss.  (Dkt. # 7, 10.)

## CONCLUSION

For the reasons given, the Court **ADOPTS** Magistrate Judge Mark Lane's Report and Recommendation (Dkt. # 19) and **GRANTS** Defendants'

7

Motion to Dismiss Complaint for Lack of Jurisdiction Pursuant to Rule 12(b)(2) (Dkts. ## 7, 10) **WITHOUT PREJUDICE.**

       **IT IS SO ORDERED**.

       **DATED:** November 22, 2024.

_____
David Alan Ezra
Senior United States District Judge